UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBIL CERRO NEGRO, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PDVSA CERRO NEGRO S.A., <br><br> Defendant. | Civil Action No. 07 CV 11590 <br><br> DECLARATION OF STEVEN K. DAVIDSON IN SUPPORT OF MOTION FOR AN ORDER OF ATTACHMENT WITHOUT NOTICE |

I, Steven K. Davidson, hereby declare as follows:

1. I am an attorney with Steptoe & Johnson LLP, one of the attorneys for Plaintiff Mobil Cerro Negro, Ltd. ("Mobil CN") in the above-captioned action. I am providing this Declaration, pursuant to Local Rule 6.1(d) and the requirements of N.Y. C.P.L.R. 6212(a), in support of Plaintiff's motion for an order of attachment without notice. I am authorized by Mobil CN to make this Declaration, and do so from personal knowledge of the facts described herein.

2. Mobil CN intends to commence an International Chamber of Commerce ("ICC") arbitration for a claim of multiple billion dollars in New York, New York within thirty (30) days after the issuance of an Order of Attachment, unless this time period is otherwise extended by the Court.

- 2 -

3. The ICC arbitration will be based on PDVSA CN's breach of its agreement to indemnify Mobil CN and others for the discriminatory actions taken against the Cerro Negro Project.

4. Mobil CN seeks an attachment in aid of this arbitration in order to prevent any arbitral award to which Mobil CN may be entitled from being rendered ineffectual.

5. The basis for seeking ex parte relief is the likelihood that if the Defendant is provided with notice, it will likely remove its property from the State of New York, defeating the Plaintiff's attempt to attach the property.

6. It is respectfully submitted that, upon the statement of facts in the complaint and the annexed declarations, it is probable that Plaintiff will succeed on the merits of this action.

7. This claim, for multiple billion of dollars, is over and above all counterclaims that are known to me.

8. In view of the urgency of the matter and the precise timing required for service, we request that the Court authorize two employees of my law firm, Lenor Marquis and Kimberlyn Brzozowski, to serve the requested order on the garnishee. This will avoid the delays that may occur if the U.S. Marshal is directed to serve the order.

9. It is my understanding, based in part on the Flow of Funds Memorandum, attached as Exhibit 15 to the Declaration of Michael J. Baratz, that the transaction in which PDVSA will purchase the outstanding Cerro Negro Project bonds will proceed, in part as is relevant to this action, as follows:

    a. PDVSA shall deliver the following payments, by wire transfer of immediately available funds, on Friday, December 28, 2007, in the amount of approximately $538,000,000, to Depository Trust Company's account at Chase Manhattan Bank.

- 3 -

    b.    The Bank of New York, as Security Trustee, shall deliver the following payment by wire transfer of immediately available funds, on Friday, December 28, 2007, for the following purposes:

    (1)    releasing of funds on deposit in the PDVSA Borrower Project Accounts and all sub accounts to Petróleos de Venezuela S.A.'s account at an unknown bank;

    (2)    releasing of funds on deposit in the Senior Debt Service Account;

    (3)    releasing of funds on deposit in the Offshore O&M Account; and

    (4)    releasing of funds on deposition in the Senior Debt Service Reserve Account.

10.    No previous application has been made to this court, or any other court, for the relief requested herein.

11.    No other provisional remedy has been secured or sought in this action against this Defendant.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on December 27, 2007.

_____
Steven K. Davidson