USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/08

Bond  022021793

**BOND ON ATTACHMENT OR GARNISHMENT**              Civil Action #07 CV 11590

IN THE  United States District  COURT,  Southern District of New York

Mobil Cerro Negro, LTD.

PLAINTIFF

vs

PDVSA Cerro Negro S. A.

DEFENDANT

WE, THE UNDERSIGNED  Mobil Cerro Negro, LTD.

_____, as Principal

and  Liberty Mutual Insurance Company , a  Massachusetts  corporation,
(Liberty Mutual Insurance Company is authorized to transact business in the State of New York)
as Surety, acknowledge ourselves bound to pay to  PDVSA Cerro Negro S. A.

the sum of  Eight Million United States Dollars  ($8,000,000.00 USD) Dollars

conditioned that the above bounden Principal will prosecute  the Civil  suit in the above entitled action to

effect and pay all damages and costs that may be adjudged against  PDVSA Cerro Negro S. A.  for wrongfully suing out

such  Attachment  .
         ( Attachment - Garnishment )

Dated this  31st  day of  December , 2007 .

Mobil Cerro Negro, LTD.                                Liberty Mutual Insurance Company

[signature] J. R. Massey                               By [signature] Nancy Thomas
                                    Principal                                    Attorney-in-Fact

Approved this  4th  day of

January , 2008

[signature] S. Michael McMahon
Clerk

By [signature]
Deputy

                                                       Countersigned:

                                                       _____NOT REQUIRED_____
                                                                      Resident Agent

1964648

**THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.**
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
## BOSTON, MASSACHUSETTS
## POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**MICHAEL J. HERROD, WENDY W. STUCKEY, LUPE TAMAYO, MARGARET BUBOLTZ, PATTI A. EBARB, LISA A. WARD, U. THERESA GARDNER, KATHLEEN M. MEEKS, NANCY THOMAS, CAROLYN SHEFFIELD, ALL OF THE CITY OF HOUSTON, STATE OF TEXAS**

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100***************** DOLLARS ($ **50,000,000.00*****************) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

> **ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.**
> Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

> Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this **8th** day of **June**, **2006**.

LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

**COMMONWEALTH OF PENNSYLVANIA** ss
**COUNTY OF MONTGOMERY**

On this **8th** day of **June**, **2006**, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2009
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

> VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this **31st** day of **December**, **2007**.



By _____
David M. Carey, Assistant Secretary